## Case No. 10,696.

### PALMER et al. v. UNITED STATES.

[1 Hoff. Land Cas. 227.] [1]

District Court, D. California. Sept., 1857.

DISTRICT ATTORNEY — ATTENDANCE ON ANOTHER COURT—CONTINUANCE.

The fact that the circuit and district courts are simultaneously in session, is not sufficient cause for the continuance of a land case.

This was a motion by claimants [Joseph C. Palmer and others, claiming the rancho Punta De Lobos] to set the cause for hearing.

E. L. Goold, for the motion.
P. Della Torre, U. S. Atty., against it.

OPINION OF THE COURT. Since the delivery of the opinion of the court on the motion made August 3d by the counsel for claimants, that the cause be brought to a hearing [Case No. 10,695], the district attorney showed cause on the tenth day of August for a continuance. The showing, though not strictly within the rules usually applied to such cases, was treated by the court as sufficient, and four weeks further time, the period asked for by the district attorney, was allowed. Monday, Sept. 7th, being a holiday, the court was not in session, and on last Monday, Sept. 14th, the claimants' counsel again moved the hearing of the cause. No cause for a continuance was shown by the district attorney. He did not intimate that he expected, within any assigned period, to obtain testimony on the part of government, nor that he was in possession of any facts susceptible of proof which might affect the case. He, however, urgently pressed upon the attention of the court that he was in daily attendance upon the circuit court now in session, and desired that this cause should be postponed until the next regular call of the docket of land cases. He further urged that the law did not contemplate that both the circuit and district courts should be in session at the same time, and that the government could not be expected to provide two officers to be in attendance upon the courts when their holding their sessions at the same time was not contemplated by law. As to these suggestions, it is to be observed that the act of 1855 [10 Stat. 631], which authorizes the circuit judge

to form part of and preside over the district court when hearing land cases, requires him so to do only "when in his opinion the business of his own court will permit," clearly implying that the legislature contemplated that both courts might be in session simultaneously. And in the fee-bill of 1853 the marshal is in terms allowed a per diem for attending the circuit and district courts "when they are both in session, or for attending either of said courts when but one is in session." It cannot therefore be said that simultaneous sessions of both courts are not contemplated by law. But the exercise of the discretion of the court as to continuing this cause does not depend upon technical considerations such as this. The court has already intimated to the district attorney that it would suspend for the present, while his engagements continued imperative, the regular call of the docket of land cases. This, though a great hardship to claimants, seemed unavoidable, as they could not reasonably expect the district attorney to prepare for hearing a certain number of new cases, when his duties in the circuit court engrossed his whole time. But the case at bar has already been regularly called, and has been, from May 6th, set for a hearing seven different times. On the fifteenth of June, six weeks further time was allowed to the district attorney. At the expiration of that period he was again allowed four weeks further time, though the application was strenuously opposed by the claimants, and now, without any showing other than that he is engaged in the circuit court, an indefinite postponement is asked until the next call of the calendar. This postponement is not asked because the district attorney is unable to appear and argue the cause in court, for no desire to argue the cause orally was intimated, and the general practice has been to submit these cases on written briefs. If, however, an oral argument be desired, the court will assign a day when the district attorney is not in actual attendance on the circuit court. A convenient time for filing briefs will of course be allowed. The real object of the motion is to postpone the submission and to keep it open for further proofs. I think the claimants have a right to insist that their cause be heard, especially as no testimony whatsoever, on the part of the United States, has been taken since the cause has been in this court, and there seems no reason to suppose that at the expiration of a month from this date the government will be more ready to submit the case than it was a month ago.

So many cases are already before this court for determination, requiring minute and careful investigation, that it is not probable that this cause will be taken up by the court and finally disposed of before the expiration of a considerable time. If at any time before the entry of the final decree, new matter should be brought to light or testimony be newly discovered, it will of course be in the power

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

of the district attorney to move that the cause be reopened for the purpose of hearing it. The court has felt the utmost reluctance in refusing this application. We would have much preferred that a cause involving so great an amount should be heard only when both sides announce themselves in readiness. But we have felt that the claimants have rights as well as the government, and that under all the circumstances we are not at liberty to grant the continuance asked for.

The cause must therefore be set for argument on Saturday, Sept. 29th, at the opening of court on that day, and if no oral argument be desired, it will be considered as submitted with liberty to either side to file briefs.

[NOTE. At the hearing a decree was entered in favor of the government and rejecting the claim. Case No. 10,697. This was affirmed upon appeal to the supreme court. 24 How. (65 U. S.) 125.]